**Emilio Patrick FERNANDEZ,
Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 894–88.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 27, 1991.

---

John F. Carrigan (court appointed on appeal), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Roe Morris and Luci Davidson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appeal is taken from a conviction for theft. V.T.C.A., Penal Code § 31.03(a), (b)(2).[1] After finding appellant guilty, the

---

1. Appellant was indicted for theft on the theory that he exercised control over the truck with the knowledge that it had been stolen by a party who was unknown:

"on or about November 25, 1986, did then and there unlawfully appropriate by acquiring and otherwise exercising control over stolen property, namely, a truck, of the value of over seven hundred fifty dollars and under twenty

trial court also found the two enhancement allegations to be true and assessed appellant's punishment at 35 years confinement in the Texas Department of Criminal Justice, Institutional Division. On direct appeal, the Court of Appeals reversed appellant's conviction, and ordered the entry of an acquittal. *Fernandez v. State,* 755 S.W.2d 220 (Tex.App.—Houston [1 Dist.] 1988).

In reversing appellant's conviction, the Court of Appeals decided the evidence was insufficient to support appellant's conviction. The Court of Appeals conducted its sufficiency review after it eliminated from consideration the unobjected to hearsay testimony admitted during the State's case-in-chief. The Court of Appeals excluded this testimony from its sufficiency review because it believed the probative value of the unobjected to hearsay was completely undermined by the declarant's in-court testimony. *Fernandez,* 755 S.W.2d, at 222.

In its petition for discretionary review, the State argues that the Court of Appeals misconstrued an evidentiary rule in its opinion. The State is referring to the rule set out in *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App.1986), and now codified in Tex.R.Crim.Ev. Rule 802. That rule states that inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. The State alleges that the Court of Appeals misconstrued this rule in order to justify its holding that the evidence in the instant case was insufficient to support the conviction. We agree with the State, and reverse the decision of the Court of Appeals.

At trial, the State relied upon the testimony of the investigating officer and the stolen truck's owner about conversations which they had with the wife of appellant. Officer Jaloma testified that appellant's wife told him several things: that there had been criminal activity going on at her home; that appellant had been working on a truck in the residence where they live; that he had been constantly working on the truck soon after he got home in the eve-

nings and that he would work for long hours in the garage; that appellant was living at that residence; and that she was tired of living a criminal life. Appellant did not object that this testimony was inadmissible as hearsay. Officer Jaloma also testified that appellant's wife gave him consent to search the residence.

Inside the garage, Jaloma found a 1983 Chevy truck that was "completely dismembered". The truck had been "stripped of its engine, transmission, and parts, some of its windows, the tailgate, and the front end assembly." Jaloma obtained the Vehicle Identification Number of the truck, confirmed that it had been reported stolen six days before, and contacted the owner. The owner testified that he went to the residence that day and identified what was left of the truck as belonging to him. The owner also testified appellant's wife told him that her husband had been working on the truck. Appellant also did not object that this testimony was inadmissible as hearsay.

Appellant's wife testified at trial in contradiction of both Officer Jaloma and the owner. She did not deny that she had the conversations with Jaloma and the owner; and she did not deny accusing appellant in those conversations. She also did not deny having personal knowledge of what happened to the truck at her house. She did recant her accusations against appellant and asserted that she had lied because she was angry with appellant and wanted to punish him by linking him with the stolen vehicle. She also testified that a man named Louis had been living with her as a boarder at that time, and that he must have been the person responsible for the truck. She could not recall Louis' last name, exactly when he had lived with her, or where he could be reached. Both Jaloma and the owner testified that appellant's wife said nothing about anyone named Louis when they went to her home.

 In its opinion, the Court of Appeals decided this evidence was insufficient to sustain the judgment of the trial court.

---

thousand dollars, owned by Kevin Domain, with the intent to deprive the owner of the

property and knowing the property was stolen by another person whose name is unknown."

The Court of Appeals began by stating that all of the evidence against appellant was circumstantial. The Court of Appeals cited the sufficiency test for circumstantial evidence cases from *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983) and *Johnson v. State*, 673 S.W.2d 190 (Tex.Cr.App.1984). *Fernandez, supra*, at 221.[2] The Court of Appeals then quoted the holding in *Chambers v. State*, 711 S.W.2d 240 (Tex.Cr.App. 1986), that hearsay admitted without objection has probative value and may be the basis for sustaining a verdict.

The Court of Appeals attempted to distinguish the holding in *Chambers, supra*, on the facts of the instant case. The court explained that in *Chambers*, all of the non-hearsay evidence was consistent with the guilt of the accused and "there was no contradiction of the truth or accuracy of the hearsay," *Fernandez*, 755 S.W.2d, at 221. We note that in *Chambers* this Court never held that the probity of unobjected to hearsay was dependent on whether it is contradicted or supported by other evidence. The Court of Appeals then focused on what it held to be the "pivotal" issue in the instant case: "whether a prior inconsistent hearsay statement that has been repudiated in court, is sufficient evidence to sustain a conviction when the statement is the only substantive evidence of guilt." *Fernandez*, 755 S.W.2d, at 222. The Court of Appeals concluded that unobjected to hearsay that has been repudiated in court

does not have probative value and is, therefore, an exception to the rule in *Chambers*.

Since the instant case was tried after the new Rules of Evidence came into effect, the Court of Appeals, by implication, also held this is an exception to Tex.R.Crim.Ev. Rule 802. Rule 802 sets out:

Hearsay is not admissible except as provided by statute or these rules. **Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.**

As authority for this implied exception to Rule 802, the Court of Appeals relied upon *Villalon v. State*, 739 S.W.2d 450 (Tex. App.—Corpus Christi, 1987), in which another Court of Appeals held:

"it would be irrational to hold that unsworn hearsay evidence has the same or more probative value than the sworn testimony of the party who made the hearsay statement and had actual knowledge of the facts." *Villalon v. State*, 739 S.W.2d at 454.

*Fernandez*, 755 S.W.2d, at 222.

Recently, this Court reversed *Villalon v. State* because the Court of Appeals applied the incorrect standard for analyzing the sufficiency of the evidence and wrongly concluded that the evidence was insufficient. *Villalon v. State*, 791 S.W.2d 130 (Tex.Cr.App.1990). *Villalon* was also clearly distinguishable from the instant case by the fact that the "hearsay" testimony in that case was actually evidence of the outcry of the victim which was admissi-

---

**2.** After citing the "exclusion of every other reasonable hypothesis" standard, the Court of Appeals did not rely upon this theory when it concluded that the evidence in the instant case was insufficient. *Fernandez*, 755 S.W.2d, at 222. The Court of Appeals also did not cite any authority for its holding that the evidence in the instant case was circumstantial.

We find the Court of Appeals was wrong to conclude that the hearsay testimony of Officer Jaloma and the truck's owner was circumstantial. Instead, their testimony reflected the statements of appellant's wife that she personally observed appellant in possession of a stolen truck and working to dismember and convert the separate parts of that truck on the premises of her home. Just because these facts were revealed through the hearsay testimony of the witnesses, or were contradicted in court by the declarant, does not make them circumstantial.

It is the inherent nature of the evidence itself that makes it direct or circumstantial.

In 2 Ray, Texas Law of Evidence, § 1481, at 164–165, the author explains:

"... all evidence involves an inference from some other fact to the proposition in issue. The evidence is classed as "direct" or "circumstantial" according to the kind of inference which is sought to be drawn from it to the truth of the proposition for which it is offered. Thus an inference from the assertion of a witness to the truth of the fact asserted is called direct evidence. On the other hand evidence offered for a proposition based upon some inference other than that from the mere assertion of a witness, is termed circumstantial evidence."

In the instant case, the unobjected to hearsay was direct evidence that appellant was exercising control over the stolen truck.

ble for all purposes as a statutory exception to the hearsay rule under Art. 38.072, V.A.C.C.P. As a result, the defendant's hearsay objection in *Villalon* was superfluous. For these reasons, *Villalon* is not valid authority to support the Court of Appeals opinion in the instant case. We realize the Court of Appeals did not have the benefit of this Court's decision in *Villalon, supra*.

The Court of Appeals set out their exception to *Chambers* and Rule 802 as follows:

> As a matter of law, unsworn, out-of-court hearsay alone cannot support a finding of guilt beyond a reasonable doubt when unequivocally recanted in court by the declarant. The evidence in this case is insufficient to sustain appellant's conviction.

*Fernandez, supra*, at 222.

We disagree with this conclusion of the Court of Appeals because it encroaches upon the responsibility of the factfinder at trial to assess the probative force of each particular piece of evidence in its effort to determine if a defendant is guilty beyond a reasonable doubt.[3] In the instant case, as in *Chambers v. State, supra*, the particular piece of evidence was unobjected to hearsay. The Court of Appeals erred when it created this exception to *Chambers* and Rule 802.

The decision of the Court of Appeals contravened the policy behind the adoption of Rule 802. In 33 Goode, Wellborn, and Sharlot, Texas Rules of Evidence: Civil and Criminal, § 802.1, at 571–572 (1988), the authors discussed this policy:

> "The Texas drafters added it (the second sentence in Rule 802) in order to overturn a long-standing Texas doctrine by which inadmissible hearsay, admitted be-

cause of failure to object, was artificially deemed to have no probative value so that it could not in any way support a finding of fact or a verdict. Only one state, Georgia, maintains this view. In addition to being unsound in principle, the "hearsay-is-no-evidence" doctrine had pernicious practical consequences. It permitted a party without the burden of proof, by deliberately failing to object to hearsay when offered, to deceive a party having the burden of proof into believing he had adduced sufficient evidence on all necessary elements of his case, only to emerge from "behind the log" on appeal to argue, often successfully, that the verdict or judgment was not supported by evidence. Critics have urged for many years that this unsound and unfair concept be purged from Texas law.

> Rule 802 does not accord probative value to hearsay evidence. It merely ensures that if hearsay is admitted by waiver, it will be treated like any other evidence admitted by waiver. That is, whatever rational probative value it may have will not be denied artificially as under prior law.

*Goode, Wellborn, and Sharlot*, at 571–572.

The second sentence of Rule 802 was intended to discourage attorneys from deferring their objections to hearsay evidence because they were confident the evidence would be disavowed in an appellate sufficiency review. Rule 802 places the responsibility for waiver upon the party who fails to object. In the instant case, the responsibility fell upon appellant and his attorney to object to the admission of the hearsay. Having failed to object, appellant must be prepared to accept the concept that hearsay could be considered by the trier of fact as

---

**3.** In the context of Rule 802, unobjected to hearsay has probative value as substantive evidence. This issue is related to the ongoing debate over the effect of a prior inconsistent statement used to impeach a witness: Can it also be used as substantive evidence for or against a defendant? In an article by A.G. Nadel, 30 ALR 4th, at 414, the author describes how the growing number of jurisdictions "no longer adhere to the general rule" and instead hold these prior inconsistent statements are admissible as substantive evidence. Accord, *Steele v. State*, 475 N.E.2d 1149

(1985, Ind.); *State v. Horenberger*, 119 Wis.2d 237, 349 N.W.2d 692 (1984); and other cases cited in 30 ALR 4th, "Prior Inconsistent Statements as Evidence", at 418–423.

Like the unobjected to hearsay in the instant case, the prior inconsistent statements have inherent indicia of trustworthiness. For example, the prior inconsistent statements are, of necessity, "made closer in time to the event in question when memories are fresher." Nadel, 30 ALR 4th, at 418.

probative evidence, to be assessed and weighed along with, and equal to, the other evidence admitted at trial. The Court of Appeals erred when it relieved appellant of the consequences of his failure to object by deciding that the hearsay was insufficient by itself because of the declarant's recantation.

Once appellant failed to object and permitted admission of the hearsay into evidence, the trial court acted on its duty to weigh and evaluate the hearsay along with the rest of the evidence admitted at trial. In this context, appellant's wife's testimony was evidence in defense that contradicted the evidence admitted by the state without altering the inherent nature of the state's evidence. The relative probative value of both was to be assessed by the trier of fact in reaching its verdict. In the instant case, it was up to the trial court to decide which version of appellant's wife's story it believed. When the trial court found the evidence sufficient to prove appellant guilty, it expressed its belief that it found the unobjected to hearsay to have more probative value than the wife's testimony.[4]

This determination of the probative force of particular items of evidence is the responsibility of the trier of fact. *Chambers*, 711 S.W.2d, at 247. Once the trier of fact has made its decision assessing and weighing the probative value of the evidence in its determination of guilt or innocence, an appellate court does not have the power to step in and reevaluate the probity of an individual item of evidence in its review of the sufficiency of the evidence to *support the verdict.* An appellate court has only the discretion to determine if any rational trier of fact could have, based on the evidence admitted at trial, found the essential elements of the offense beyond a reasonable doubt. *Chambers*, 711 S.W.2d, at 245.

In the instant case, the Court of Appeals erred when it assumed the duties of the trier of fact and reweighed the comparative probative value of the unobjected to hearsay and the declarant's in-court testimony. In that manner the Court of Appeals stepped outside the limits allowed an appellate court when conducting a sufficiency review. In *Blankenship v. State,* 780 S.W.2d 198 (Tex.Cr.App.1988), this Court stated:

"In reviewing the sufficiency of the evidence to establish whether the State has proved an element of the offense, we must look at all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have believed the element beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, (1979). **We are not to sit as a thirteenth juror reweighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt;** rather, we are to ask ourselves whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Cr.App.1988).... we test the evidence to see if it is at least conclusive enough for a reasonable factfinder to believe based on the evidence that the element is established beyond a reasonable doubt. *Jackson,* 443 U.S. at 318, 97 S.Ct. at 2788, 61 L.Ed.2d at 573. See also *Butler v. State,* 769 S.W.2d 234 (Tex.Cr.App.1989).

*Blankenship,* 780 S.W.2d, at 206–207.

For the Court of Appeals in the instant case to say that this witness' hearsay testimony has no probative value in light of her in-court recantation was an improper attempt to reweigh the evidence to conform to their own opinion of the credibility of the hearsay and their own belief of the probative value of that testimony.

The state's ground for review is sustained. The decision of the Court of Appeals is reversed. The instant cause is

---

**4.** The trial court also could have relied on the physical evidence which was recovered at the scene for corroboration of the hearsay testimony. Officer Jaloma recovered a stolen truck which was being disassembled in the garage of the declarant's home, exactly as the declarant told Jaloma what appellant was doing.

remanded to the Court of Appeals to resolve the points of error which were left unresolved on original submission.

OVERSTREET, J., not participating.

CLINTON, Judge, concurring.

Under the facts and circumstances of the cause the evidence is sufficient to support the findings of facts presumably made by the trier of fact and the judgment of the trial court.

My major disagreement with the majority is in its treatment of "direct" versus "circumstantial" evidence in note 2. Putting aside whatever the evidentiary value of hearsay statements attributed to Margie Fernandez, wife of appellant, had she testified to the same matters, her evidence would still be classified as "circumstantial" in that it is "proof of a minor fact, which by indirection, logically and rationally demonstrates the *factum probandum*." *Beason v. State*, 43 Tex.Cr.R. 442, 67 S.W. 96, at 98 (1902); *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973), and cases cited at 769 (circumstantial evidence is direct proof of a minor fact which by logical inference demonstrates the ultimate fact to be proved); *Ramos v. State*, 478 S.W.2d 102, at 105 (Tex.Cr.App.1972); (*Brown v. State*, 126 Tex.Cr.R. 449, 72 S.W.2d 269, at 271 (1934)).

Another disagreement is with its notion that "In the context of Rule 802, unobjected to hearsay has probative value as substantive evidence." Maj. Opinion, n. 3, at 455. As the very authority the majority quotes on the next page makes clear, "Rule 802 does not accord probative value to hearsay evidence."

With those observations I join the judgment of the Court.

MALONEY, J., joins.

BAIRD, Judge, concurring.

We are called upon to address the sufficiency of the evidence in this case because of trial counsel's failure to object to the declarant's out of court statements implicating appellant. Had counsel objected, the trial judge could have either excluded the testimony or admitted the statements under a recognized exception to the general prohibition of hearsay evidence. However, once admitted without objection, hearsay evidence is to be treated "the same as all other evidence in the sufficiency context, i.e., it is capable of sustaining a verdict." *Chambers v. State*, 711 S.W.2d 240, 247 (Tex.Cr.App.1986).[1] This holding was codified in Tex.R.Crim.Evid. 802, which provides:

> Hearsay is not admissible except as provided by statute or these rules. Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.

*Chambers*, 711 S.W.2d 240, and Tex.R.Crim.Evid. 802 recognize that hearsay evidence does not intrinsically lack probative value. The distinguished treatise *McCormick on Evidence* expresses this concept as follows:

> The truth, of course, is that hearsay evidence, ranging as it does from mere thirdhand rumors to sworn affidavits of credible observers, has as wide a scale of reliability, from the highest to the lowest, as we find in testimonial or circumstantial evidence generally, depending as they do upon the frailties of perception, memory, narration, and veracity of men and women.

*McCormick on Evidence* § 245 p. 728 (E. Cleary 3d ed. 1984). Indeed, the many exceptions to the prohibition of hearsay, recognized at common law and now embodied in Article VIII, Tex.R.Crim.Evid., argue in favor of the probative value of hearsay evidence.

---

1. Prior to *Chambers*, 711 S.W.2d 240, this Court recognized the probative value of inadmissible hearsay in extradition proceedings, *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.1975); in probation revocation proceedings, *Frazier v. State*, 600 S.W.2d 271 (Tex.Cr.App.1980); and in suppression hearings, *Lalande v. State*, 676 S.W.2d 115 (Tex.Cr.App.1984). Abandoning the piecemeal approach to the probity of hearsay, this Court in *Chambers*, 711 S.W.2d at 247, rejected as "ridiculous" the proposition that the burden of persuasion in a given proceeding controls the probative value of a piece of evidence.

Rule 802 does not address the potential limitations of evidence admitted without objection, such as the evidence's relevancy or specific probative value. Rather, it does not preclude the potential probity of hearsay evidence admitted without objection *"merely because it is hearsay."* (Emphasis added.) Tex.R.Crim.Evid. 802. Recognizing that hearsay admitted without objection is not denied probative value, the question becomes whether that probative value is negated by a declarant's in court contradiction of the out of court statement. The potential limitations of the probative value of evidence admitted without objection have been recognized:

> If evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof *so far as it has probative value.* The incompetent evidence, unobjected to, may be relied upon in argument, and *alone or in part* may support a verdict or a finding. This principle is almost universally accepted ... The principle applies to any ground of incompetency under the exclusionary rules. It is most often invoked in respect to hearsay ... *Relevancy and probative worth, however, stand on a different footing. If the evidence has no probative force, or insufficient probative value to sustain the proposition for which it is offered, the want of objection adds nothing to its worth.* (Emphasis added.)

*McCormick on Evidence,* § 54, p. 140 (E. Cleary 3d ed. 1984).

The Court of Appeals' conclusion that an in court contradiction negates all probative value of the out of court statement, *Fernandez v. State,* 755 S.W.2d 220, 222 (Tex. App.—Houston [1st Dist.] 1988), undermines the proposition that unobjected to hearsay cannot be denied probative value. Whether an in court contradiction of an out of court statement has probative value de-

pends upon the nature of the contradiction. In the case at bar, while the declarant's out of court statement was unequivocally recanted, her trial testimony was of questionable veracity.[2] Other cases represent the varying degrees of probative value of in court contradictions of out of court statements. In *Chambers v. State,* 805 S.W.2d 459 (Tex.Cr.App. this day decided), the declarant, a child sexual assault victim, testifying on behalf of the defendant, her stepfather, equivocated while contradicting her videotaped statements, admitted without objection, that the defendant had sexually abused her.[3] Likewise, in *Forrest v. State,* 805 S.W.2d 462 (Tex.Cr.App. this day decided), the declarant vacillated when she attempted to recant her out of court statements which had been admitted without objection.

Because the in court contradiction may be weak or strong, absolute or equivocal, the in court testimony may or may not negate the probative value of the declarant's unobjected to out of court statement. This decision must be left to the trier of fact, who is in the superior position to judge the credibility of the evidence.

As stated at the outset, we address this issue because of trial counsel's failure to object to the hearsay evidence. The trial judge was never afforded the opportunity to exclude the testimony or to admit it under a recognized exception to the general prohibition of hearsay evidence. Once admitted, the hearsay evidence is given whatever probative value the trier of fact deems appropriate. *Chambers,* 711 S.W.2d 240; Tex.R.Crim.Evid. 802. Therefore, counsel may not complain on appeal that the evidence is insufficient to sustain the verdict merely because the verdict was based, in whole or in part, on unobjected to hearsay evidence.

---

**2.** After claiming in court that she made the out of court statements only due to anger toward her husband, she surmised that her boarder, a man she knew only as "Louis", must have been responsible for the vehicle. She could not recall, however, exactly when "Louis" had lived with her or where he might be located.

**3.** After contradicting her videotaped testimony, the victim testified that she did not know whether her stepfather had sexually abused her. Moreover, the trial record reflects other evidence of the offense; specifically, medical testimony, outcry testimony and other acts testimony.

With these comments, I concur in the result reached by the majority.

MILLER, J., joins this opinion.