Garcia III v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-102-CR

     RAYMOND GARCIA, III,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 183rd District Court
Harris County, Texas
Trial Court # 638,597
                                                                                                    

O P I N I O N
                                                                                                    

      The court found Raymond Garcia, III guilty of attempted murder and assessed punishment of
twenty-five years imprisonment. See Tex. Penal Code Ann. §§ 15.01 (Vernon Supp. 1994),
19.02 (Vernon 1989). In his sole point of error, Garcia contends the evidence is insufficient to
establish he committed the offense. We will affirm.
      In resolving the sufficiency-of-the-evidence issue, we view the evidence in the light most
favorable to the prosecution and determine whether any rational trier of fact could have found the
essential elements of the offense charged beyond a reasonable doubt. Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988); Mattias v. State, 731 S.W.2d 936, 939-40 (Tex. Crim.
App. 1987), cert. denied, 488 U.S. 831, 109 S.Ct. 86, 102 L.Ed.2d 62 (1988). The court is
entitled to reject the defensive evidence and credit the State's witnesses' version of the events. See
Lackey v. State, 819 S.W.2d 111, 116 (Tex. Crim. App. 1989). "[T]he evidence is not rendered
insufficient simply because [Garcia] presented a different version of the events." See Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). 
      Garcia's wife was attacked and viciously beaten inside their Houston apartment. After the
attack she spent six weeks in the hospital and is expected to be totally blind for life. Viewed in
the light most favorable to the verdict, the testimony at the trial established that Garcia was with
her inside their apartment at the time of the assault. When he emerged from their apartment, he
told a neighbor to call 9-1-1 because his wife was "feeling bad." He then left the apartment
complex with his infant son, delivered the baby to Garcia's mother, and did not return to the
apartment. Within three days of the assault, Garcia left Houston for several weeks. Additionally,
the State introduced evidence from two witnesses that his wife told both of them Garcia was her
assailant. His wife repudiated those statements at the trial and testified that all she saw was a "big
husky shadow" that was not Garcia.
      Garcia argues that the hearsay statements of his wife testified to by third-party witnesses at
his trial lost their probative value when his wife repudiated them; thus, there is no evidence to
establish that he assaulted his wife. The Court of Criminal Appeals has squarely rejected this
theory. See Fernandez v. State, 805 S.W.2d 451, 455-56 (Tex. Crim. App. 1991). Hearsay
admitted without objection can "be considered by the trier of fact as probative evidence, to be
assessed and weighed along with, and equal to, the other evidence admitted at trial." Id. 
      Although Garcia objected to the evidence, his objection was untimely. See Johnson v. State,
803 S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2914, 115
L.Ed.2d 1078 (1991), overruled on other grounds, Heitman v. State, 815 S.W.2d 681 (Tex. Crim.
App. 1991). In each instance, the witness was asked a question which clearly required a hearsay
response, yet no objection was lodged prior to the witnesses' answers. Thus, the objections that
were raised several questions later did not prevent the court from considering the hearsay. See
Wills v. State, 867 S.W.2d 852, 855 (Tex. App.—Houston [14th Dist.] 1993, no pet.). The court
was entitled to credit the statements attributed to the victim over her in-court testimony. See
Fernandez, 805 S.W.2d at 456. Based on the victim's out-of-court identification of Garcia as her
assailant, the evidence is sufficient to support the court's conclusion that he was the individual
responsible for the brutal attack. Thus, the point of error is overruled.
      The judgment is affirmed.
 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice James (Retired)
Affirmed
Opinion delivered and filed August 31, 1994
Do not publish