Ray R. Ward and Lillah Ward v. Russ Lovejoy















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-378-CV

Â Â Â Â Â RAY R. WARD AND LILLAH WARD,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â RUSS LOVEJOY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 95-29605
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On December 27, 2000, the appellant filed a motion to dismiss this appeal. In relevant
portion, Rule 42.1 of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(1) in accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no party may be prevented from seeking any
relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a).
Â Â Â Â Â Â The motion states that the parties have settled their dispute. It contains a certificate of
conference indicating that appellees do not oppose the motion.
Â Â Â Â Â Â Therefore, under the authority of Rule 42.1, the cause is dismissed. Costs are taxed against
the party incurring them.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed
Opinion delivered and filed January 24, 2001
Do not publish



16, at *18 (Tex. App.Amarillo Apr. 20, 2006, no pet.) (not designated for publication) (mem. op.); accord
Hunt v. State, No. 01-04-00526-CR, 2005 Tex. App. LEXIS 1674, at *10 (Tex.
App.ÂHouston [1st Dist.] Mar. 3, 2005, no pet.) (not designated for
publication) (mem. op.); Jackson v. State, No. 05-03-01820-CR,
2004 Tex. App. LEXIS 10670, at *6 (Tex. App.ÂDallas Nov. 30, 2004, no pet.)
(not designated for publication); Coleman v. State, No. 14-98-01459-CR,
2001 Tex. App. LEXIS 2877, at *4 (Tex. App.ÂHouston [14th Dist.] May 3, 2001,
no pet.) (not designated for publication); Yurtman v. State, No.
04-94-00206-CR, 1996 Tex. App. LEXIS 776, at *6 (Tex. App.ÂSan Antonio Feb. 28,
1996, pet. refÂd) (not designated for publication)Ho.Â 
Evidence may be factually sufficient in spite of a witnessÂs recantation of
prior complaining statements.Â  E.g., Klein v. State, 191 S.W.3d 766,
776-78 (Tex. App.ÂFort Worth 2006, pet. granted on other grounds); Bufkin v.
State, 179 S.W.3d 166, 170 (Tex. App.ÂHouston [14th Dist.] 2005), affÂd,
207 S.W.3d 779 (Tex. Crim. App. 2006).Â Â Â  

Â Â Â Â Â Â Â  The State points primarily to
the testimony of the investigating police officer, Sgt. Ralph Nix, who
testified as follows.Â  V.Â A. flagged Nix down while he was responding to a
9-1-1 call to V.Â A.Âs apartment complex.Â  V.Â A. was Âexcited.ÂÂ 
(State Br. at 3 (quoting 2 R.R. at 7).)Â  V.Â A. told Nix that Jackson had thrown beer on her, thrown a beer can in her face, struck her in the face with
his hand, pushed her down onto the ground, and choked her with his hands around
her neck.Â  V.Â A. showed Nix injuries to her arm and lip, which V.Â A.
said Jackson had caused.Â  V.Â A.Âs clothing was wet and smelled of beer.Â 
Through Nix, the State also introduced photographs of injuries to V.Â A.Âs
forearm and lip.Â  The State also introduced V.Â A.Âs written statement to
Nix, which corroborated NixÂs testimony. 

Â Â Â Â Â Â Â  Jackson argues that
V.Â A.Âs statement to Nix was hearsay evidence.Â  However, Âhearsay admitted
without objection shall not be denied probative value merely because it is
hearsay.ÂÂ  Tex. R. Evid. 802.Â 
ÂThus, once the trier of fact has weighed the probative value of unobjected-to
hearsay evidence in its factfinding process, an appellate court cannot deny
that evidence probative value or ignore it in its review of the sufficiency of
the evidence.ÂÂ  Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim.
App. 2005); accord Fernandez v. State, 805 S.W.2d 451, 453-56 (Tex.
Crim. App. 1991); Chambers v. State, 711 S.W.2d 240, 245-47 (Tex. Crim.
App. 1986) (per curiam).Â  Jackson also points primarily to the following
evidence.Â  At trial, when called by the State, V.Â A. recanted her
statement to Nix.Â  V.Â A. generally testified that she had not made the
statements to Nix that Nix testified she had, but that, if she had made those
statements to Nix, she had done so only because she was angry at Jackson.Â 
V.Â A. testified that Jackson pushed her down only while trying to push her
away from him, and hit her only in self-defense.Â  V.Â A. testified that the
injuries to her arms were caused by JacksonÂs holding her arms to prevent her
from hitting him, and that she did not know how she received the injury to her
lip, since she denied that Jackson hit her in the face.Â  Jackson also called
two other witnesses, who testified that Jackson held V.Â A.Âs arms or
wrists when she attempted to strike Jackson, and one of whom testified that Jackson did not hit V.Â A.Â  Jackson also points to the absence of visible injuries to
V.Â AÂs throat, and the absence of testimony of other eyewitnesses.

Â Â Â Â Â Â Â  As Jackson concedes, the
evidence Âcould support either version of events.Â  [V.] A[.] had a mark on her
mouth, and a scrape on her arm.Â  Appellant suggests those injuries could have
been inflicted by appellant assaulting [V.] A[.], or attempting to protect
himself from her assault.ÂÂ  (Br. at 8.)

Â Â Â Â Â Â Â  According appropriate
deference to the trial courtÂs credibility determinations, and considering all
of the evidence in a neutral light, we hold that the trial court was rationally
justified in finding Jackson guilty beyond a reasonable doubt.Â  The evidence
was factually sufficient.Â  We overrule JacksonÂs issue.

Â Â Â Â Â Â Â  Having
overruled JacksonÂs sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â  Justice Reyna

Â Â Â Â Â Â Â  (Justice Vance concurs in the judgment)

Affirmed

Opinion delivered and filed July 25, 2007

Do not publish

[CR25]