ACCEPTED
06-15-00030-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/14/2015 9:48:50 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

|  |  |  |
|---|---|---|
| **CHARLES FRANCIS WILLIAMS** | § | |
| APPELLANT | § | |
|  | § | FILED IN<br>6th COURT OF APPEALS<br>TEXARKANA, TEXAS |
| v. | § | 10/15/2015 10:08:00 AM |
|  | § | DEBBIE AUTREY |
|  | § | Clerk |
| **THE STATE OF TEXAS,** | § | **Nos. 06-15-00030-CR** |
| APPELLEE | § | **06-15-00031-CR** |

------

## STATE'S BRIEF

------

FROM THE 354TH JUDICIAL DISTRICT COURT
HUNT COUNTY, TEXAS

TRIAL CAUSE NUMBERS 30,023 & 30,068
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**KELI M. AIKEN**
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
kaiken@huntcounty.net
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

**NO ORAL ARGUMENT
REQUESTED**

# **TABLE OF CONTENTS**

Table of Contents .................................................................................................. 2

Index of Authorities ............................................................................................ 3–4

Statement of the Case .......................................................................................... 5

Issues Presented ............................................................................................... 7–13

    1. The evidence was legally sufficient to prove Appellant guilty of the crimes of Theft of Copper and Unauthorized Use of a Motor Vehicle as alleged in the indictment.

Prayer ................................................................................................................... 14

Certificate of Service .......................................................................................... 14

Certificate of Compliance with Rule 9.4 ............................................................ 15

# INDEX OF AUTHORITIES

## STATE CASES:

*Chambers v. State,* 711 S.W.2d 240, 245–47 (Tex. Crim. App. 1986)......................8

*Clewis v. State,* 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).............................7

*Dewberry v. State,* 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000) .............................................................................................................7

*Fernandez v. State,* 805 S.W.2d 451, (Tex. Crim. App. 1991) ................................8

*Hines v. State,* 978 S.W.2d 169, 172 (Tex. App.—Texarkana, no pet.)....................7

*Jackson v. Virginia,* 433 U.S. 307, 319, 99 S.Ct. 2781 (1979))...............................7

*Johnson v. State,* 23 W.W.3d 1 (Tex. Crim App. 2002)........................................7

*Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim. App. 2005)...........................8

*Threadgill v. State,* 146 S.W.3d 654, 663 (Tex. Crim. App. 2004)...........................7

*Watson v. State,* 204 S.W.3d 404, 415 (Tex. Crim. App. 2006) ...........................7–8

## STATE STATUTES:

TEX. PEN. C. §31.03(a) & (e)(4)(F)(iii) (Vernon 2013) ...........................................8

TEX. PEN. C. §31.03(b)(1) (Vernon 2013) ..............................................................8

TEX. PEN. C. §7.02(a)(2) (Vernon 2013)......................................................8–9, 11

TEX. PEN. C. §31.07 (Vernon 2013).....................................................................11

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

CHARLES FRANCIS WILLIAMS   §

    APPELLANT                   §

                                §

      v.                      §      **Nos. 06-15-00030-CR**

                                §              **06-15-00031-CR**

                                §

**THE STATE OF TEXAS,**          §

    APPELLEE             §

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

    NOW COMES the State of Texas, Appellee, in this appeal from Cause Nos. 30,023 & 30,068 in the 354th Judicial District Court in and for Hunt County, Texas, Honorable Richard A. Beacom, Jr. Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Court in support of the judgment of sentence in the court below.

## SUMMARY OF THE STATE'S ARGUMENT

Furthermore, each and every required element of the offenses of Theft of Copper and Unauthorized Use of a Motor Vehicle were proven beyond a reasonable doubt. The evidence was legally sufficient and supported the jury's verdict and his conviction should be affirmed.

## STATE'S RESPONSE TO POINTS OF ERROR ONE

**The evidence was legally sufficient to prove
Appellant guilty of both Theft of Copper and
Unauthorized Use of a Motor Vehicle as alleged in
the indictment.**

### Argument and Authorities

The proper standard of review to determine legal sufficiency is whether the evidence would support the verdict when viewed in the light most favorable to the verdict. *Johnson v. State*, 23 W.W.3d 1, 7 (Tex. Crim. App. 2001). In other words, if a reasonable trier of fact could have found beyond a reasonable doubt the essential elements of the crime, the verdict will be deemed legally sufficient. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996); *Hines v. State*, 978 S.W.2d 169, 172 (Tex. App.—Texarkana, no pet.).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts. *Jackson v. Virginia*, 433 U.S. 307, 319, 99 S.Ct. 2781 (1979); *Threadgill v. State*, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004). When performing a legal sufficiency review, the court may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and substituting its judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).

The court must consider all of the evidence submitted before the jury,

6

including inadmissible evidence. *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). Specifically, the Court held that "once the trier of fact has weighted the probative value of unobjected-to hearsay evidence in its fact finding process, an appellate court cannot deny that evidence probative value or ignore it in a review of the sufficiency of the evidence. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (citing *Fernandez v. State*, 805 S.W.2d 451, 453–56 (Tex. Crim. App. 1991) and *Chambers v. State*, 711 S.W.2d 240, 245–47 (Tex. Crim. App. 1986).

## A. The State proved every required element for the Theft of Copper charge.

A person commits the offense of theft of copper if the person unlawfully appropriates copper with intent to deprive the owner of the property and the value of the copper is less than $20,000.00. TEX. PEN. C. §31.03(a) & (e)(4)(F)(iii) (Vernon 2013). Appropriation of property is unlawful if it is without the owner's effective consent. TEX. PEN. C. §31.03(b)(1) (Vernon 2013). The indictment required proof that on August 19, 2014, Appellant acted alone or as a party with Frankie Stankowitz unlawfully appropriated copper wire from Sharyland Utilities with intent to deprive the owner of the property and the value of the copper wire was less than $20,000.00. Furthermore, a person is responsible as a party to an offense if he acted with "intent to promote or assist the commission of the offense" and solicited, encouraged, directed, aided or

7

attempted to aid the other person to commit the offense. TEX. PEN. C. §7.02(a)(2) (Vernon 2013).

There is no dispute that on August 19, 2015 Sharyland Utilities was broken into and they had copper wire stolen. Appellant simply disputes his involvement in this offense. Both Jerry Ervin and Deputy Potts testified that Sharyland Utilities is located in Hunt County, Texas. RR1/11, lines 2–12 and p.55, lines 4–5 and that $180.00 of copper wire was stolen. RR1/13–23. During the theft two white male intruders were captured on video and set off both an audible and perimeter alarm. RR1/13–21. One of the intruders had on a dark blue t-shirt and the other wore a light blue/teal t-shirt. Neither of the thieves had permission to be on the property. RR1/21, lines 7–17. They entered the property by cutting a three foot high portion of the chain link fence around the property. RR1/21–22. Mr. Ervin explained that a three foot cut was made in the fence 'it was just cut straight up and down and they just peeled it back and crawled in. You could kind of see where they went through." RR1/23, lines 2–4. During the theft the perpetrators took a meter reader truck along with three rolls of copper wire and a pair of bolt biters. RR1/23, lines 7–16 and p.56, lines 14–17. The spools of copper wire were twenty-five pounds and cost $60.00 each. RR1/24–25.

State's exhibit one is the surveillance video and shows the two thieves

with one in a dark blue shirt and the other in a light blue/teal t-shirt. RR1/28, lines 19–25; SE1. On the video the thief wearing the dark blue shirt has copper wire in his hand. RR1/33, lines 9–14. The other thief in the light blue/teal t-shirt has something in his hand as well. RR1/33, lines 13–21. The officer printed two photos from the surveillance video. RR1/28, lines 7–15. The jury saw these photos. SE40 & 42; RR1/35, lines 12–15. State's exhibit two is the bed of the truck showing where rings of copper wire were stolen from. RR1/36, lines 15–25. A series of photos were admitted showing that the thieves moved tools, removed a hard hat from the toolbox, and took fuel out of the truck SE4–5, SE8–10; RR1/37–38.

Appellant was identified from the surveillance video by Inv. Kelly Phillips. RR1/107, lines 7–24. Furthermore, Katie Brown told officers that both Stankowitz and Appellant arrived at her property at the same time, early o the 19th of August, with Stankowitz driving the stolen truck and Appellant driving Stankowitz' purple ranger truck. SE46–47 and 51–52; RR1/46–48 and p.100, lines 4–10. Inside the truck Appellant drove to Ms. Brown' house the deputies found the light blue/teal t-shirt Appellant wore during the burglary and on the surveillance video. SE1, 13, 35 & 42; RR1/109–110. Also inside the truck were gloves, bolt cutters and hard hats. *Id.*

9

## B. The State proved every required element for the Unauthorized Use of a Motor Vehicle charge.

A person commits the offense of unauthorized use of a motor vehicle if he intentionally or knowingly operates another's motor propelled vehicle without the effective consent of the owner. TEX. PEN. C. §31.07 (Vernon 2013). The indictment required proof that on August 19, 2014 Appellant acted alone or as a party with Frankie Stankowitz to operate a meter reader truck from Sharyland Utilities without effective consent of the owner. Furthermore, a person is responsible as a party to an offense if he acted with "intent to promote or assist the commission of the offense" and solicited, encouraged, directed, aided or attempted to aid the other person to commit the offense. TEX. PEN. C. §7.02(a)(2) (Vernon 2013).

In addition to the testimony above, there is sufficient evidence to show Appellant and his partner Stankowitz committed unauthorized use of the Sharyland meter reader truck by loading up the stolen copper wire and driving it from the business to Katie Brown's house and hiding it at the end of her culdesac. Deputy Potts confirmed that the two guys found at Ms. Brown's house were the thieves on the surveillance video from Sharyland Utilities. SE1; RR1/60, lines 1–21. Officers testified how they discovered the stolen Sharyland truck in a barn or shed at the end of the culdesac not far from Ms. Brown's house where Appellant and Stankowitz were hiding. RR1/93, lines

10

17–25. While officers spoke with Ms. Brown and tried to find the thieves both of them hid in her house watching a surveillance camera of the officers and Ms. Brown. RR1/95, lines 2–21 RR1/97, lines 5–21.

State's exhibit one clearly showed another vehicle's headlights at Sharyland during the theft and allowing for the inference that Appellant drove that vehicle. SE1; RR1/123–124. Stankowitz drives off in the stolen truck on video and Appellant runs along beside the stolen truck towards the parked getaway vehicle. SE1. The jury also saw photos of the stolen truck recovered by Ms. Brown's house. SE27–31; RR1/112, lines 7–25.

Mr. Ervin confirmed that the thieves did not have permission to take the stolen meter reader truck and took it around 5:25-5:30am. RR1/16, lines 18–21 and p.20, lines 17–25. He also explained to the jury that the stolen truck had a gps device installed and explained how he looked up the location of the truck and reported it to Deputy Potts. RR1/19, 2–15 and p.25, lines 20–24. Mr. Ervin described the stolen truck as a 2011 half-ton GMC four wheel drive with Sharyland Utilities stickers on both doors. RR1/23, lines 17–22. He provided the license plate number to Deputy Potts. RR1/25, lines 10–13.

Based upon the information provided by Mr. Ervin, Deputy Potts was able to determine that stolen truck was off PR 3827 in Quinlan next to Ms. Brown's house. RR1/58, lines 1–18. He passed on the address to Constable Layton and

11

Deputy Valenzuela who located the stolen truck at that address. RR1/58–59. The stolen truck was right next to where Brown lived on a culdesac with her trailer on the left and a "tree-line and a shed kind of over on the right and the vehicle had been pulled into that shed." RR1/64, lines 18–22.

The evidence in this case is legally sufficient to prove Appellant guilty of the offenses charged; therefore, his convictions should be affirmed.

# CONCLUSION AND PRAYER FOR RELIEF

The State prays that the Court will affirm Appellant's sentence.

Respectfully submitted,

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**/s/ Keli M. Aiken**
**KELI M. AIKEN**
First Assistant District Attorney
P. O. Box 441
4th Floor, Hunt County Courthouse
Greenville, TX 75403
kaiken@huntcounty.net
State Bar No. 240434482
(903) 408-4180
FAX (903) 408-4296

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief and contains 3,858 words and was prepared on Microsoft Word 2013.

**/s/ Keli M. Aiken**
KELI M. AIKEN
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

## CERTIFICATE OF SERVICE

A true copy of the State's brief will be placed in Jason Duff's box in the Hunt County District Clerk's Office, tomorrow October 15, 2015, pursuant to local rules.

**/s/ Keli M. Aiken**
KELI M. AIKEN
First Assistant District Attorney