Opinion issued May 5, 2005












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00642-CR




TERRELL GERARD BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 736085



                                                                                                
MEMORANDUM OPINION
           Appellant, Terrell Gerard Brown, entered a plea bargain with the State and pleaded
guilty to the offense of indecency with a child. On October 25, 1996, the trial court assessed
punishment at 10 years community supervision and a $700 fine. On January 27, 2004, the
State filed a motion to revoke appellant’s probation, alleging that he had committed five
violations of the terms of his community supervision. The trial court determined that
appellant had committed the violations as alleged by the State, revoked his community
supervision, and sentenced him to five years in prison. In five issues, appellant asserts that
the evidence was insufficient to find he had committed the five violations. We affirm.
BACKGROUND
           The trial court’s order placing appellant on community supervision required appellant
to do, inter alia, the following: (1) report to the court’s community supervision officer on the
25th of each month or “as directed by” the officer, (2) remain within Harris County, Texas
unless he received prior written permission to leave Harris County, (3) have no contact with
minors under the age of 17, while allowing supervised contact with his biological children,
and (4) stay at least 100 yards from a premises where children commonly gather. The State’s
motion to revoke alleged that appellant violated these conditions when: (1) he failed to report
to his community supervision officer on December 23, 2002 as instructed, (2) he traveled to
Galveston County without permission, (3) he had unsupervised contact with his son, (4) he
went into a CiCi’s Pizza restaurant where minors commonly gather, and (5) he had contact
with minors at the CiCi’s Pizza restaurant. 
           Cheryl Walker, appellant’s community supervision officer, testified that, on October
4, 2003, she saw appellant and his wife at a CiCi’s Pizza restaurant. Appellant was
sitting near the front of the restaurant, facing toward the restaurant’s video arcade in
the back of the restaurant. Walker testified that there were children under the age of
17 present in the restaurant, in the game room, and “running by” appellant. Walker
also testified that appellant was to report to her on December 23, 2002, and that he
failed to do so. She stated that appellant returned her telephone call and told her that
he had thought he was supposed to report on December 24, 2002. Walker said that
appellant did report as re-scheduled on December 30, 2002, and had never missed any
other scheduled reporting dates. According to Walker’s testimony, on May 9, 2000,
appellant admitted to another community supervision officer that he had traveled to
Galveston County without permission, and also admitted that he had visited his minor
son without supervision. 
                                                       DISCUSSION
          We review a trial court’s decision regarding probation revocation for an abuse
of discretion and examine the evidence in a light most favorable to the trial court’s
order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). To revoke
probation, the State must prove every element of at least one ground for revocation
by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12, § 21
(Vernon Supp. 2004-2005); Moore v. State, 11 S.W.3d 495, 498 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). The trial court holds very broad
discretion over community supervision, its revocation, and its modification. Tex.
Code Crim. Proc. Ann. art. 42.12, § 21. Considering the unique nature of the
revocation hearing and the trial court’s broad discretion in the proceedings, the
general standards for reviewing factual sufficiency do not apply. Pierce v. State, 113
S.W.3d 431, 436 (Tex. App.—Texarkana 2003, no pet.). If the greater weight of
credible evidence creates a reasonable belief that appellant violated a condition of his
or her probation, the trial court’s order of revocation does not constitute an abuse of
its discretion. Id. (citing Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App.
1974)).
          In his third issue, appellant asserts that “the State failed to prove by sufficient
credible evidence that [a]ppellant violated the term of [his] probation prohibiting him
from having unsupervised contact with his minor child.” The State’s evidence of this
violation consisted entirely of Walker’s testimony that her records reflected that, on
May 9, 2000, appellant admitted to Jennifer Martin, a community supervision officer,
that he had unsupervised contact with his son, who was under the age of 17 at the
time. Rather than attempting to controvert this evidence, appellant attacks the
sufficiency of Walker’s testimony by complaining that she testified to a “four year old
hearsay[,] conclusionary [sic] statement taken from Appellant’s probation file.” We
note that appellant made no objection to this testimony in the trial court. Appellant
argues that Walker’s testimony is not “‘credible evidence’ that would support a
finding by a preponderance of the evidence,” for the following four reasons: (1)
Walker testified to a hearsay statement made to another community supervision
officer; (2) the hearsay statement, though not objected to, lacks “reliability” because
it could not be confronted by subjecting it “to the crucible of cross examination”; (3)
Walker did not provide “underlying details” to support the hearsay statement
rendering it conclusory; and (4) even if appellant did violate the terms of his
community supervision by having unsupervised visitations with his minor son, too
much time had passed for the State to use that violation to revoke his community
supervision. 
          Appellant’s complaint regarding the hearsay nature of Walker’s testimony is
unpersuasive because, as appellant admits, a trial court may consider unobjected to
hearsay no differently than other testimony that the fact finder may either accept or
reject. Fernandez v. State, 805 S.W.2d 451, 455-56 (Tex. Crim. App. 1991); Jones
v. State, 112 S.W.3d 266, 269 (Tex. App.—Corpus Christi 2003, no pet.). 
Appellant’s complaint that his confrontation rights were violated by the admission of
the hearsay statement is equally unpersuasive because a confrontation claim is a trial
right, which must be preserved for appeal. Bunton v. State, 136 S.W.3d 355, 368
(Tex. App.—Austin 2004, pet. ref’d ) (quoting Mallory v. State, 752 S.W.2d 566, 569
(Tex. Crim. App. 1988)). Even though appellant did not advance his confrontational
claim at trial, he argues on appeal that his claim is supported by the recent decision
by the Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354,
(2004). In Crawford, the Supreme Court held that out-of-court statements by
witnesses that are testimonial are barred under the Confrontation Clause of the Sixth
Amendment to the United States Constitution unless the witnesses are shown to be
unavailable and the defendant has had a prior opportunity to cross-examine the
witnesses, regardless of whether such statements are deemed reliable by the trial
court. Id., 541 U.S. at 58-69, 124 S. Ct. at 1369-74. Appellant’s reliance on
Crawford is misplaced under the particular circumstances of the instant case, because
there is nothing in Crawford that would excuse appellant’s failure to make a
confrontation claim at trial. Bunton, 136 S.W.3d at 369.
          Appellant argues that no “details were given as to what facts or words
Appellant said that led Jennifer Manning to” conclude that he had unsupervised visits
with his minor son. This argument asks us to re-weigh the factual evidence and
substitute our opinion for that of the trial court, which we will not do. See Fernandez
v. State, 805 S.W.2d 451, 456 (Tex. Crim. App. 1991) (“[T]he Court of Appeals erred
when it assumed the duties of the trier of fact and reweighed the comparative
probative value of the unobjected to hearsay and the declarant’s in-court testimony
. . . [and] stepped outside the limits allowed an appellate court when conducting a
sufficiency review.”). In our review of a trial court’s revocation of community
supervision for abuse of discretion, the record must simply contain some evidence to
support the decision made by the trial court. Herald v. State, 67 S.W.3d 292, 293
(Tex. App.—Amarillo 2001, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.
App.—Waco 1996, pet. ref’d). The testimony that appellant admitted that he visited
his minor son without supervision, despite the lack of detail, is some evidence
supporting the trial court’s decision. Appellant’s final reason, that too much time has
passed since the unsupervised visits, is not material to the question of whether or not
the violation occurred. 
          As an appellate court, our review of appellant’s sufficiency challenge to the
trial court’s revocation of his community supervision is restricted. Greer v. State, 999
S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (“Although we
recognize the evidence is slim at best, we will not substitute our judgment for that of
the trial court.”). The trial court is the exclusive judge of the credibility of the
witnesses and determines whether the allegations in the motion to revoke are
sufficiently demonstrated. Id. We conclude that there is sufficient evidence in the
record to sustain the State’s burden of proving by a preponderance of the evidence
appellant’s unsupervised visitations with his minor son, violating the term of his
community supervision that he have only supervised visits with his minor son.
Therefore, we overrule appellant’s third issue.
          Because the State is required to prove only one ground to prevail on its motion
to revoke appellant’s community supervision, we need not address appellant’s issues
regarding the other alleged violations. Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. [Panel Op.] 1980); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 21
(Vernon Supp. 2004-2005); Moore, 11 S.W.3d at 498. Examining the evidence in a
light most favorable to the trial court’s order, we hold that the trial court did not abuse
its discretion by revoking appellant’s community supervision.
                                                     CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                             Sam Nuchia
                                                             Justice
Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).