**Robert O'Neal GREEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–83–131CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 19, 1984.

Discretionary Review Refused
June 13, 1984.

Catherine Green Burnett, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

The jury, rejecting a plea of not guilty to the offense of murder, found appellant guilty of voluntary manslaughter and assessed punishment at 10 years confinement. At issue on this appeal are questions concerning the sufficiency of the evidence, the court's charge, effective assistance of counsel and argument. We affirm.

In his second ground of error appellant challenges the sufficiency of the evidence. His contention, as we understand it, is that the state failed to refute his claim of self-defense which precluded the jury from finding the essential elements of voluntary manslaughter. A brief recitation of the evidence will suffice. Viewed in the light most favorable to the verdict, the evidence shows and the jury could believe that a large group of people were at a ball park on a Sunday afternoon watching a ball game. Appellant and the deceased, who had been friends for some years, were among those present. Following the game, appellant was teasing a dog and deceased evidently was offended by his actions. At any rate, the two began arguing and a fight resulted, appellant admitting that he struck the first blow. Others present broke up the fight, but several minutes later appellant approached the deceased and began hitting him again. The deceased again admonished appellant that he did not want to fight because they had been friends too long. When bystanders again broke up the fight the deceased walked to his car which was parked nearby

and the crowd scattered, some yelling that he was going to get a gun. Appellant remained and after the deceased was at his car for a very short time, appellant approached him stating "what do you want to do?" the deceased put his hands in the air and appellant fired three shots, killing the deceased. Appellant fled and surrendered to police authorities the following day. While there are some discrepancies between the testimony given by appellant and his witnesses and the testimony of the state's eyewitness, these discrepancies appear to be immaterial except as to what occurred at the time of the actual shooting. The state's eyewitness testified that after appellant approached the deceased, who was by his car, and stated "what do you want to do?" the deceased put his hands in the air and was holding a package of cigarettes but had no weapon. Appellant testified that as he came around a parked car he heard the deceased shout "where is that bitch at?" that he stopped and the deceased started toward him and had "something in his hand down behind his leg" and, feeling that his life was in danger, he then shot the deceased.

While appellant does not couch his argument in these terms, the effect of his argument is that self-defense was established as a matter of law. The Court of Criminal Appeals has stated on numerous occasions that in order for a reviewing court to hold as a matter of law that a killing was in self-defense, the evidence must be uncontroverted and no issue thereon presented for the jury's determination. *Whitfield v. State,* 492 S.W.2d 502 (Tex. Crim.App.1973). On facts much less controverted than those in the present case, the court failed to find self-defense as a matter of law. *Appleman v. State,* 531 S.W.2d 806 (Tex.Crim.App.1975). We hold that a fact issue was raised and submitted to the jury, which was decided against appellant. Ground of error number two is overruled.

Closely associated with the above ground of error is ground number one as-

serting the court's charge is fundamentally defective because in applying the law of voluntary manslaughter to the facts the charge did not require the jury to find that appellant was not acting in self-defense. Appellant argues the rationale of *Cobarrubio v. State,* 675 S.W.2d 749 (Tex.Crim.App. 1983, pending on rehearing) dictates such requirement. We do not agree. Even if on motion for rehearing that court adheres to its original opinion it would have no application to the case before us for the reason that unlike murder and voluntary manslaughter and what the jury must believe as the difference in the two offenses, self-defense is a defensive issue. Where the court, later in its charge, gives an unrestricted charge on self-defense (as was done in this case) it is not necessary in applying the law to the facts from the standpoint of the state for the court to require the jury to find the accused was not acting in self-defense. *Hernandez v. State,* 375 S.W.2d 285 (Tex.Crim.App.1963). This ground of error is overruled.

In his third ground appellant contends he was denied effective assistance of counsel when his trial counsel testified at trial. The record of the trial shows that when appellant first testified before the jury he denied knowledge of where the pistol he used to kill the deceased came from, other than to state that after the fight with the deceased it was lying under his shirt when he picked it up from the bench. He further stated that he "tore the gun down" and threw it away and did not know where it was. During the court proceedings the following day, appellant again testified, stating that as a result of thinking about it over night, he wanted to correct his testimony of the previous day. He then told the jury that Robbie Bartee (or Bartise) had placed the pistol under his shirt and told him "that thing was in the shirt," that when he picked up his shirt he found the pistol, shot the deceased and returned the pistol to Robbie. His explanation for not having related this to the police was that he "figured I would be getting in enough trouble and I didn't want to indicate (sic)

anyone else into it." He explained he had not so testified before the jury the previous day because:

> Well, like I said, I didn't want to get him into any trouble about passing me the pistol. And when I got back out to the Rehab (sic) I thought about it and I can't get him to come forward to be a witness for me in my behalf and owning up to the pistol so I didn't say where I got the pistol from.

The conduct which forms the basis of the charge of ineffective assistance of trial counsel, Bill Harmon, occurred when the attorney later testified before the jury. On direct examination Harmon testified that some nine months previously, and shortly after the commission of the offense, appellant had reluctantly given him the same explanation of the circumstances under which he got the pistol, but that appellant did not want to tell anybody about it because he feared that Robbie Bartee would also be charged with murder. On cross-examination Harmon was questioned concerning (1) the probability of a charge of murder against Bartee; (2) his responsibility as an officer of the court to reveal to the police or the prosecutor "where evidence in the case was;" (3) his failure to reveal the identity of Bartee as an additional witness "who could have helped in the murder investigation;" (4) his knowledge that at the time the defense witness Cook testified and denied he had not been convicted of a felony, Harmon knew such witness was then on probation for a felony and (5) whether this was something the jury should have known about in judging the credibility of the witness.

█ The issue concerning ineffective assistance of trial counsel is fast becoming a common thread in the appeal of criminal cases. The appellate courts are often asked to find from isolated errors of counsel such conduct as to amount to ineffective assistance. Absent the most extreme errors, this should never be done. All of us who have tried cases know that when looking back on the trial it is simple to question even some of our own conduct. It is totally unfair to attempt to gauge the conduct of another without an adequate record. Such is the case before us. As far as we know from this record, counsel expected appellant to testify consistent with what appellant had previously told him about the origin of the pistol. To say the least, the testimony appellant gave when he first testified was not credible. If appellant's first version was given without Harmon being aware this would be his story, it is reasonable to assume the attorney had to attempt to extricate appellant from the trap he, himself, had set. This could quite probably be the reason he recalled appellant as a witness. Then, to attempt to lend some credibility to appellant, Harmon quite probably thought his testimony was worth a try. Even appellant's present counsel acknowledges this was possibly a "strategy decision" but *now* says trial counsel should never have taken the stand. This might be so, but we refuse to hold, on the basis of the record before us, that such conduct rises to the level of ineffective assistance of counsel. Viewing the total representation provided and the limited claim of appellant, we overrule appellant's contention. *Archie v. State*, 615 S.W.2d 762 (Tex.Crim.App.1981); *Ewing v. State*, 549 S.W.2d 392 (Tex.Crim.App.1977).

█ In his final ground, appellant complains of argument made by the prosecutor. In response to appellant's objection the trial court stated "It's only jury argument and the jury will consider it as such." This does not amount to an adverse ruling and nothing is presented for review. *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim. App.1979); *Hanner v. State*, 572 S.W.2d 702, 707 (Tex.Crim.App.1978). This ground is overruled.

The judgment is affirmed.