Forrest **PENTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–90–291–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1990.

John J. Browne, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Forrest Penton, appeals his judgment of conviction for the offense of burglary of a habitation with the intent to commit theft. TEX. PENAL CODE ANN. § 30.02 (Vernon 1989). The jury rejected appellant's not guilty plea and found him guilty as alleged in the indictment. The Court, after finding both enhancement paragraphs of the indictment to be true, assessed appellant's punishment at forty five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant brings two points of error on appeal. In his first point of error, appellant asserts the evidence is insufficient to support his conviction because the State failed to exclude every reasonable hypothesis beyond a reasonable doubt.

Patsy Sandlin, testified that she lives in a mobile home in Harris County, Texas. On September 11, 1989, she left for work at 6:30 a.m. Her windows and doors were locked. She arrived home from work at about 4:45 p.m. When she went into her living room, she saw that her property had been pulled out of two tables.

A can in which she kept money change was sitting in a chair. She usually kept that can in a desk drawer in the kitchen. Rolls of pennies were missing from the can. The can was about the size of a small coffee can. She had washed the can. No one besides Sandlin had access to that can.

She walked down the hall towards one of the bedrooms and saw that the door to it was closed and that a light was on in that room. Thinking that someone was still in the house, she backed up and went to a neighbor's house. The neighbor called the sheriff's office.

When the deputy sheriff arrived, Sandlin re-entered her trailer home and discovered other items of her property missing. Missing from her home was a Pulzar watch, two pendants, two gold chains, two wedding ring sets and a gun.

Sandlin never saw appellant before the trial and she did not invite him into her house or consent to his entry into her house on September 11, 1989.

Robert Merchant, a deputy for the Harris County Sheriff's Office, testified that on September 11, 1989, he investigated a burglary reported by Patsy Sandlin. He lifted several fingerprints from the rear door and from a metal box that contained pennies. State's Exhibits 2 and 3 are the print cards containing the prints from the metal box with the pennies.

Gary Overstreet, a sergeant with the identification division of the Harris County Sheriff's Office, testified that the prints on State's Exhibits 2 and 3 were made by appellant. He determined this by comparing the prints lifted from the can (State's Exhibits 2 and 3) to the known prints of appellant on State's Exhibit No. 4. Overstreet was unable to match the fingerprints lifted from the door with appellant's prints.

■ In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). The test requires us to determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989), quoting, *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The reviewing court is not to position itself as a thirteenth juror in assessing the evidence. Rather, it is to position itself as a final, due process safeguard ensuring only the rationality of the factfinder. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

■ The same standard applies to both direct and circumstantial evidence cases. Our standard of review on sufficiency of the evidence ... does not change with the nature of the evidence ... *Madden v. State*, 799 S.W.2d 683, 690 (Tex.Crim.App. 1990).

■ Appellant argues that the State's case failed to rebut the reasonable hypothesis that his fingerprints appeared on the can "at some time in the past" when he had access to the can. Appellant fails to suggest a possible theory under which he had legitimate access to the can. Further, Sandlin testified that she had exclusive access to the can and had washed it since acquiring it. Thus, appellant's fingerprints could not have innocently appeared on the can.

The present case is similar to *Nieto v. State*, 767 S.W.2d 905 (Tex.App.—Corpus Christi 1989, no pet.), where the complaining witness arrived home to find his microwave oven and other property sitting on his front porch. A police officer lifted prints from the microwave that were later identified as the defendant's. The complainant testified that he did not know the defendant, had not given him permission to enter his house, that he had exclusive access to his microwave oven and that the oven had not been repaired in the weeks preceding the burglary. On appeal, the court concluded that the only time the defendant could have touched the microwave oven was either during the burglary or while it was sitting on the porch and held that the evidence was sufficient to sustain the conviction.

The State need not present evidence excluding every conceivable hypothesis except that of the defendant's guilt; it need only present evidence excluding every reasonable hypothesis. The mere possibility that a defendant's prints may have been left at a time other than the time of the burglary does not necessarily render the evidence insufficient. *Phelps v. State*, 594 S.W.2d 434, 436 (Tex.Crim.App.1980). In the present case, as in *Phelps*, where the defendant was linked to the burglary by one fingerprint left inside the house, there was no evidence that appellant had been on the premises prior to the offense, or that the premises previously had been burglarized. These circumstances negate any reasonable probability that appellant left his fingerprints prior to the offense.

Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Appellant's first point of error is overruled.

■ In his second point of error, appellant complains that the trial court erred in overruling his objections to some of the prosecutor's improper jury arguments during the guilt phase of trial.

The arguments complained of are as follows:

[Prosecutor]: If you think about it logically, Mr. Penton wouldn't be sitting here if that fingerprint hadn't already been examined. It had already been examined and determined.

[Defense counsel]: Objection, she is arguing outside the record. There was no testimony that fingerprint had been examined at any other time.

[Trial court]: The jury will recall the testimony from the witness stand and

that's what you are to consider, not what the lawyers say.

[Prosecutor]: Thank you, Your Honor. So that was not the only time that the fingerprint was examined.

[Defense counsel]: Objection, again, Your Honor, she just stated it over again. That is outside the record.

[Trial court]: What is the statement?

[Prosecutor]: That the fingerprint, that was not the only time that the fingerprint had been examined.

[Trial court]: Well, again, the jury will remember what the witness said on the stand.

[Prosecutor]: It wouldn't make sense, ladies and gentlemen, because he wouldn't be sitting there if that was the case. I had the fingerprint examined the second time by Sergeant Overstreet just so that you could be certain, just to give the second comparison of the defendant sitting the courtroom today, just to be sure that indeed was the defendant. You know, although Mr. Barrow may not agree or even believe this, we like to be certain also so that fingerprint was examined two times, ladies and gentlemen.

[Defense counsel]: Objection, being outside the record.

[Trial court]: If there is any question about what the witness said, you can have it read back to you.

This point presents nothing for review because appellant failed to secure a ruling on any of his objections. "It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion." Tex.R.App.P. 52(a). In the absence of an adverse ruling, nothing is preserved for appeal. *Turner v. State,* 719 S.W.2d 190, 194 (Tex.Crim.App.1986); *Darty v. State,* 709 S.W.2d 652, 655 (Tex.Crim.App.1986). In *Lewis v. State,* 664 S.W.2d 345, 349 (Tex.Crim.App.1984), the trial court's statement that the jury would determine the evidence, made in response to an objection to an allegedly improper reference to an extraneous offense during closing argument, did not constitute a ruling and was insufficient to preserve error.

Similarly, in *Green v. State,* 675 S.W.2d 541, 544 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd), the trial court's response to the defendant's objection to argument did not constitute a ruling where the trial court said that it was only jury argument and the jury would consider it as such. Since appellant did not secure a ruling on any of the objections he now cites in in support of this point, we find that he presents nothing for review.

 Even if he had preserved error, his point of error is without merit. Two permissible areas of argument are reasonable deductions from the evidence and response to argument of opposing counsel. *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Crim.App.1980). The prosecutor's arguments in this case were proper as deductions from the evidence and in response to the following arguments by opposing counsel:

Defense Counsel: But if you listen to the testimony and you heard Sergeant Overstreet, they took one of these impressions at 2:06, look at the clock, when you all were retired there for just a second. What do they do, they turn around and put Sergeant Overstreet on and I made a comparison and I quit at eleven. That's enough. That's sufficient. That's what they are going to get up and tell you fingerprints don't lie. That's scientific evidence. It's there. How convenient. How quick and short and convenient for everybody. 2:06 he makes a comparison.

\* \* \* \* \* \*

They went out and they got a fingerprint, a one left thumb print, and if you could see the card that had got it off of, and you matches [sic] it out here while you all retired in the jury room for three minutes and they come back out I quit at eleven. That's good enough. Let's go home. Too simple, too simple, but you know what: That's all they got. That's it. She would have brought you something else if she had it but she don't. So you know what they do, they turn around and say look all we got to do is get up and argue fingerprints are infallible. Nobody has two that are the same.

I'll grant you that. But I would think that in a case as serious as this is that affects everybody in this community that they take a little bit more time.

Counsel for appellant was trying to degrade the State's evidence by implying that Sergeant Overstreet testified at the last minute that one of the prints belonged to appellant even though no one had previously made such a determination. However, Deputy Merchant had testified that he sent the latent prints to the identification division "for processing and identification."

Obviously, appellant would not have been charged with burglary without some evidence to connect him to its commission, and the only evidence connecting him to the crime was the fingerprint. We find that the prosecutor's argument that the comparison made during trial was not the first comparison was a reasonable deduction from the evidence and a proper response to appellant's argument to the contrary. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.