Jimmie **BOUDREAUX**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–99–00065–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 9, 2000.

Decided June 29, 2000.

Stephen C. Taylor, Humble, for appellant.

Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Jimmie Boudreaux appeals from a conviction for placing a serial number on a vehicle with the intent of changing the identity of the vehicle. Boudreaux pleaded not guilty, but was convicted by a jury. He was sentenced to a $5,000 fine and five years and six months of confinement in the Texas Department of Criminal Justice, to run consecutively with a previous sentence for an unrelated theft conviction.

On appeal, Boudreaux contends

1. the trial court committed reversible error in denying him an instructed verdict, because the State failed to prove the essential elements of the charged offense,

2. the admissible evidence at trial was legally insufficient to support his conviction in that it failed to prove that he actually "placed" a serial number on the vehicle, and

3. the trial court committed reversible error in cumulating the sentence in the instant case with another sentence he is serving, because the State failed to prove that Boudreaux was serving the previous sentence when he committed the instant offense.

Boudreaux was sent by his employer, Williams Title Service, to a residence owned by Jade Montgomery. Unknown to Boudreaux, Montgomery was acting as a police informant, and a video camera had been set up to record Boudreaux's actions.

The police task force was targeting businesses which altered vehicle identification numbers (VINs). A VIN consists of a seventeen-digit code that includes the make, model, and year of the vehicle, where it was manufactured, and other information corresponding to the vehicle. VINs include a mathematical algorithm that can be checked to verify if the VIN is valid.

After Boudreaux arrived, he removed the windshield of a vehicle and altered the VIN plate. After he had altered the VIN plate, but before he replaced the windshield, Boudreaux was arrested.

*Legal Sufficiency*

■ In his first point of error, Boudreaux contends that the trial court erred in denying his Motion for an Instructed Verdict because the State did not prove all of the essential elements of the charged crime. In his second point of error, Boudreaux contends that the admissible evidence was legally insufficient to support a conviction because the evidence did not prove beyond a reasonable doubt that Boudreaux actually *placed* a serial number on a vehicle. Because a complaint about denying an instructed verdict is actually an attack on the legal sufficiency of the evidence to sustain a conviction, these two issues will be addressed together.[1]

*Legal Sufficiency Standard of Review*

■ In reviewing legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict, examining the entire record to determine if a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.[2] The appellate court's role is not to act as a thirteenth juror; rather, the appellate court's duty is to act as a safeguard of due process, ensuring the rationality of the fact finder.[3] Once the trier of fact has assessed and weighed the probative value of the evidence, an appellate court must not dissect the evidence into its individual components for the purpose of reevaluating the integrity, credibility, or persuasiveness of distinct items of evidence.[4]

We first address Boudreaux's contention that the evidence may have shown that he altered or changed the VIN, but the evidence did not prove beyond a reasonable doubt that he *"placed* a serial number" on the Corvette. (Emphasis added.)

■ At trial the State presented a videotape taken of Boudreaux and the Corvette. In the videotape, Boudreaux can be seen removing the windshield, then bend-

1. *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim.App.1997).

2. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

3. *Teer v. State,* 923 S.W.2d 11, 17 (Tex.Crim. App.1996); *Penton v. State,* 799 S.W.2d 364, 366 (Tex.App.-Houston [14th Dist.] 1990, no pet.).

4. *Fernandez v. State,* 805 S.W.2d 451, 456 (Tex.Crim.App.1991).

ing over the location of the VIN plate. He asked Montgomery for a pencil. Boudreaux can then be seen bending over the VIN plate with the pencil in one hand and a magnifying glass in the other hand. Boudreaux is left-handed, and the video was taped from his right side. Consequently, a viewer cannot actually see Boudreaux's left hand with the pencil physically touching the VIN plate, but from his actions the jury could have determined that he was marking on the VIN plate. Boudreaux and Montgomery also discuss Boudreaux's using a paper clip to mark on the VIN plate, and Boudreaux states that a person could also use an engraving tool to make the change. At one point, Montgomery comments on the change that has been made, "a 3 to an 8," which Boudreaux confirms. Montgomery asks Boudreaux if he is going to change one digit or two, and Boudreaux responds with "two." In fact Boudreaux even comments that a person would only need to change two of the digits on the VIN plate. The State also entered into evidence the VIN plate of the vehicle in question, with the alterations. Montgomery and the officers who were present at the stakeout also testified that they witnessed Boudreaux alter the VIN plate.

Boudreaux was prosecuted under TEX. TRANSP. CODE ANN. § 501.151(a), which is a third degree felony, for "Placement of Serial Number with Intent to Change Identity." Section 501.151(a) states, "A person commits an offense if the person stamps or places a serial number on a vehicle or part of a vehicle with the intent of changing the identity of the vehicle."

The above provision comes from an Act passed by the Legislature in 1991. In amending the Act, the Legislature specifically struck out the language in Article 6687-2, § 49(b) of the Texas Revised Civil Statute[5] that stated, "It shall be unlawful for any person to alter, change, erase, or mutilate for the purpose of changing the identity, any . . . ." In the same Act in § 1, revising § 31.11(1), of the Texas Penal Code[6] where the language "knowingly or intentionally removes, alters, or obliterates the serial number or other permanent identification marking on tangible property," the court struck the language "other

---

**5.** This portion of the bill was in the following form (with italicized language denoting new language added to the law, and language struck through denoting the deletion of language):

Sec. 49. (a) *(1) A* [Any] person *commits an offense if the person stamps or places a* [who shall alter any certificate of title issued by the Department, or forge or counterfeit any certificate of title purporting to have been issued by the Department under the provisions of this Act, or who shall alter or falsify or forge any assignment thereof, shall be guilty of forgery and upon conviction thereof shall be punished as provided by law.]

[(b) It shall be unlawful for any person to alter, change, erase, or mutilate, for the purpose of changing the identity, any] motor number, serial number, manufacturer's [permanent] vehicle identification number, or derivative number [thereof placed on the vehicle, or any part thereof by the manufacturer, or any motor number or serial number assigned by the State Highway Department and placed or caused to be placed on a vehicle as provided by law for the purpose of identification. It shall also be unlawful for any person other than a vehicle manufacturer to stamp or place any motor number or manufacturer's vehicle identification number other than a number assigned by the State Highway Department as provided by law,] on any vehicle or [any] part *of a vehicle with the intent to change the identity of the vehicle.*

Act of May 2, 1991, 72nd Leg. R.S., ch. 113, § 5, 1991 Tex. Gen. Laws 688.

**6.** This portion of the bill was in the following form (with italicized language denoting new language added to the law, and language struck through denoting the deletion of language):

Sec. 31.11. TAMPERING WITH IDENTIFICATION NUMBERS. (a) A person commits an offense if *the person* [, without the effective consent of the owner]:

(1) [he] knowingly or intentionally removes, alters, or obliterates the serial number or other permanent identification marking on tangible personal property [other than a motor vehicle]; . . . .

Act of May 2, 1991, 72nd Leg. R.S., ch. 113, § 1, 1991 Tex. Gen. Laws 686.

than a motor vehicle," making this section applicable to motor vehicles. This section is entitled "Tampering with Identification Numbers" and is a class A misdemeanor under the Act. TEX. PEN.CODE ANN. § 31.11 (Vernon Supp.2000).

■ We are now required to look at the legislative intent. The primary goal of statutory construction is to ascertain the intent of the Legislature and to effect that intent.[7] When construing a statute, a court may look at the object sought to be obtained, the legislative history, the consequences of a particular construction, as well as other laws on the same subject.[8] The general rule is that a statute will be construed so that it harmonizes with other existing law, unless the statute clearly contains a contrary intention.[9] In order to construe the Act to reconcile these two provisions, we must view each provision as having a separate purpose. In other words, we cannot infer that the Legislature meant the Act to place a different penalty on the same conduct. A statute cannot be given a construction that would render it futile and purposeless if it can otherwise be construed. *Stolte v. Karren,* 191 S.W. 600 (Tex.Civ.App.-San Antonio 1916, writ ref'd). A cardinal rule of statutory construction is that every word used must be presumed to have been used for a purpose.[10]

In order to reconcile these two provisions of the statute, it must be concluded that the Legislature intended them to have a different meaning because the Legislature used different words and a different penalty, and included them in different statutes. Thus, the provisions of the Transportation Code section prohibiting the placing of the serial numbers should not be read as including altering a serial number that is already in place.

■ An omission in the enacting statute is presumed intentional. The Legislature could have also included language prohibiting the alteration of a serial number of a motor vehicle under the felony portion of the Act.

Applying this statutory construction, we look to the evidence to determine if Boudreaux violated the felony provision under which he was indicted. The testimony shows that Boudreaux scratched small lines in the VIN plate, to alter a "3" to an "8" and to alter an "R" to a "B." His illegal act was to modify existing numbers and letters. Although the prosecutor phrased his question to the witnesses to ask if Boudreaux had placed a serial number on the vehicle, no witness testified that he had placed a serial number on the vehicle, but all of the witnesses testified that Boudreaux either changed or altered the serial number. Thus, the State offered no evidence that would comply with the terms of the indictment and the statute to show that Boudreaux placed a serial number on the vehicle, but rather offered only evidence that Boudreaux violated the misdemeanor statute by showing that Boudreaux altered the VIN. Our decision is not based on the terminology used by the witnesses, but the description of what Boudreaux did and the language and history of the statute. After viewing all of the evidence in a light most favorable to upholding the verdict, the evidence is legally insufficient to uphold a verdict of "Placing a Serial Number with Intent to Change Identity." Accordingly, point of error number two is sustained.

The judgment of the trial court is reversed, and Boudreaux is acquitted.

---

**7.** *Dillehey v. State,* 815 S.W.2d 623 (Tex.Crim. App.1991).

**8.** TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998).

**9.** *See State v. Mireles,* 838 S.W.2d 285, 287 (Tex.App.-Dallas 1992, writ denied).

**10.** *Love v. State Bar of Texas,* 982 S.W.2d 939, 942 (Tex.App.-Houston [1st Dist.] 1998, no pet.).