**Affirmed and Memorandum Opinion filed November 17, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00637-CR

---

**JASON CHARLES SAVOY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1426028**

---

## MEMORANDUM OPINION

In this appeal from a conviction for murder, we consider three issues of alleged charge error. The first two issues pertain to requests for lesser-included offenses, and the third issue pertains to the trial court's given instruction on self-defense. Finding no error with respect to any of the three issues, we affirm the trial court's judgment.

# BACKGROUND

The complainant died after appellant stabbed him in the chest with a switchblade. The knife penetrated to a depth of five inches, piercing completely through the heart.

The stabbing occurred at a gas station in a neighborhood known for drug trafficking. Surveillance cameras recorded the entire incident on video. The footage depicts the complainant exiting from the passenger side of a vehicle and walking towards a man, later identified as appellant, who was waiting outside the storefront. The two men negotiated briefly over the sale of cocaine. After appellant delivered the drugs, the complainant attempted to walk back to his vehicle, apparently without paying. Appellant moved in front of the complainant to block his return to his vehicle. At this point, the complainant gestured towards another passenger in the backseat of the vehicle. Appellant then pushed back at the complainant, and in a swift movement, stabbed the complainant once in the chest. Appellant allowed the complainant to reenter the vehicle and drive away with the drugs.

Police quickly identified appellant as a likely suspect and brought him in for questioning a few hours after the stabbing. Appellant initially denied any involvement in the incident, but after learning that the complainant had died and that surveillance cameras had captured everything on video, appellant confessed to the stabbing and claimed that he had acted in self-defense. Appellant explained that he got into a tussle with the complainant because the complainant refused to pay for his drugs. Appellant also claimed that when the complainant gestured towards his vehicle, the complainant was telling the rear passenger to shoot and kill appellant. According to appellant, that rear passenger had a gun, and appellant believed that he was being robbed.

## LESSER-INCLUDED OFFENSES

During the charge conference, appellant requested instructions on the lesser-included offenses of aggravated assault and manslaughter. The trial court denied both requests, and appellant complains of those rulings in his first and second issues.

We review complaints of jury-charge error under a two-step process, considering first whether error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error does exist, we then analyze that error for harm under the procedural framework of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

We apply a two-part test when deciding whether a trial court erred by denying an instruction on a lesser-included offense. *See Segundo v. State*, 270 S.W.3d 79, 90 (Tex. Crim. App. 2008). First, we consider whether the requested offense is a lesser-included offense of the charged offense by comparing the statutory elements of both offenses. *Id.*; *see also* Tex. Code Crim. Proc. art. 37.09. This analysis is a pure question of law and does not depend on the evidence produced at trial. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Second, if the requested offense is a lesser-included offense, we then consider whether there is some evidence in the record from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *See Segundo*, 270 S.W.3d at 90–91. If the record contains such evidence, then the defendant is entitled to the instruction and the trial court errs by denying a request for the instruction. *See Thomas v. State*, 699 S.W.2d 845, 849 (Tex. Crim. App. 1985).

When conducting the second part of this error analysis, we review all of the evidence presented at trial without considering its credibility or whether it conflicts

with other evidence. *See Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to an instruction on the lesser-included offense. *See Hall*, 225 S.W.3d at 536. However, the evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *See Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). If the defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing that he is guilty of only a lesser-included offense, a charge on the lesser-included offense is not required. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

*Aggravated Assault.* We begin by comparing the elements of the charged offense with the elements of aggravated assault. The indictment alleged two theories of murder: (1) that appellant intentionally or knowingly caused the death of the complainant by stabbing him with a deadly weapon; and (2) that appellant intended to cause serious bodily injury to the complainant and did cause the death of the complainant by intentionally or knowingly committing an act clearly dangerous to human life, namely, by stabbing the complainant with a deadly weapon. *See* Tex. Penal Code § 19.02(b)(1)–(2). As far as the second theory is concerned, serious bodily injury means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46). An act clearly dangerous to human life is one that objectively creates a substantial risk of death. *See Lugo-Lugo v. State*, 650 S.W.2d 72, 81 (Tex. Crim. App. 1983).

A person commits a regular assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *See* Tex. Penal Code § 22.01(a)(1). A person commits an aggravated assault if he commits a regular assault, as just

4

defined, and the person further causes serious bodily injury to another. *Id.* § 22.02(a)(1).

The statutory elements of aggravated assault fit within the proof required of murder. The only difference between the two offenses is the severity of the injury. *See* Tex. Code Crim. Proc. art. 37.09(2). Accordingly, aggravated assault can be a lesser-included offense of murder. *See Cardenas v. State*, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000) ("We have recognized that manslaughter, criminally negligent homicide and aggravated assault are lesser-included offenses of murder and, therefore, of capital murder.").

We must now consider whether a rational jury could have acquitted appellant of murder but convicted him of aggravated assault, based on the evidence adduced at trial. To satisfy this test, there must be affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense. *See Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012).

Appellant refers us to his trial testimony in which he stated that he did not intend to kill or hurt the complainant. We conclude that this testimony is insufficient, by itself, because it does not rebut or negate the evidence that appellant intentionally stabbed the complainant in the chest, which is an act clearly dangerous to human life that resulted in the complainant's death. *See* Tex. Penal Code § 19.02(b)(2). A rational jury could not rely solely on appellant's testimony and still conclude that appellant was not guilty of murder. *See Dale v. State*, 90 S.W.3d 826, 833 (Tex. App.—San Antonio 2002, pet. ref'd) (defendant's testimony that he did not intend to kill the complainant did not entitle him to an instruction on the lesser-included offense of aggravated assault where there was no testimony negating the evidence that he intentionally caused serious bodily injury to the complainant by repeatedly kicking the complainant in the head, an act

5

clearly dangerous to human life that resulted in death); *see also Cardenas*, 30 S.W.3d at 393 (defendant's testimony that he "lost it" did not negate the physical evidence showing an intent to kill).

Appellant responds that his case is similar to *Lawson v. State*, 775 S.W.2d 495 (Tex. App.—Austin 1989, pet. ref'd), in which the court held that the defendant's testimony about his intent was sufficient to warrant an instruction on the lesser-included offense. *Lawson* is distinguishable, however. In that case, the defendant testified that he "smacked" the complainant with a loaded pistol, and the pistol accidentally discharged. *Id.* at 496. The defendant's testimony that the pistol accidentally discharged negated the other evidence that the defendant intentionally pulled the trigger. *Id.* at 499–500. There is no comparable evidence in this case demonstrating that appellant did not intend to stab the complainant or that he accidentally stabbed the complainant.

The trial court did not err by denying the requested instruction for the lesser-included offense of aggravated assault.

*Manslaughter.* To obtain a conviction for manslaughter, the State must prove that a person recklessly caused the death of another. *See* Tex. Penal Code § 19.04(a). And to establish recklessness, the State must prove that the person was aware of but consciously disregarded a substantial and unjustifiable risk with respect to either the nature or result of his conduct. *Id.* § 6.03(c).

The only difference between causing death while consciously disregarding a risk that death will occur (i.e., manslaughter) and intending to cause serious bodily injury that results in death (i.e., murder) is that the former requires a lesser culpable mental state. *See Cavazos*, 382 S.W.3d at 384. Therefore, manslaughter can be a lesser-included offense of murder. *See* Tex. Code Crim. Proc. art. 37.09(3).

6

We now consider whether there is some evidence from which a rational jury could have found appellant guilty of manslaughter but not guilty of murder. This condition is satisfied when there is "some affirmative evidence that Appellant did not intend to cause serious bodily injury when he [stabbed] the victim" and "some affirmative evidence from which a rational juror could infer that Appellant was aware of but consciously disregarded a substantial and unjustifiable risk that death would occur as a result of his conduct." *See Cavazos*, 382 S.W.3d at 385.

As stated above, there is nothing in the record rebutting the evidence that appellant intentionally stabbed the complainant. Appellant's testimony that he did not intend to kill or hurt the complainant does not refute the evidence that he intended to cause serious bodily injury by stabbing the complainant with a switchblade. *See Martinez v. State*, 16 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (intent to hurt a person "with a knife is intent to cause serious bodily injury"). Similarly, appellant never testified that he was unaware that his switchblade was dangerous or that a person could be seriously injured if the person were stabbed in the chest with a switchblade.

Appellant nevertheless contends that he was entitled to an instruction on manslaughter because he caused the death of the complainant under the immediate influence of sudden passion arising from adequate cause. For this proposition, appellant relies on several authorities applying the former statute for voluntary manslaughter, the elements of which included sudden passion and adequate cause. *See* Act approved June 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3614 (deleting the former statutes for voluntary manslaughter and involuntary manslaughter and replacing them with the current statute for manslaughter).

7

Under the current Penal Code, there is no offense for voluntary manslaughter, and the elements of manslaughter do not include sudden passion and adequate cause. *See* Tex. Penal Code § 19.04. Accordingly, even if there were evidence that appellant had acted under sudden passion arising from adequate cause, that evidence would not enable a rational jury to convict appellant of a lesser offense than murder. *See Cavazos*, 382 S.W.3d at 385 (holding that there must be evidence "directly germane to recklessness" before the defendant may be entitled to an instruction on the lesser-included offense of manslaughter).

Because there is no evidence that appellant did not intend to cause serious bodily injury and there is no evidence of recklessness, the trial court did not err by denying the requested instruction for manslaughter.

## SELF-DEFENSE INSTRUCTION

In his final issue, appellant raises two complaints regarding the trial court's instruction on self-defense. In the first complaint, appellant argues that the trial court erred by not clearly explaining that the State had the burden of disproving self-defense beyond a reasonable doubt. In the second complaint, appellant argues that the trial court erred by having an application paragraph for self-defense that was separate and apart from the application paragraph for murder. Appellant did not make these objections in the trial court, but he contends that he was egregiously harmed by the trial court's errors. We examine each alleged error in turn.

***The Burden of Proof.*** The defendant bears the burden of producing some evidence in support of a claim of self-defense. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once the defendant produces such evidence, the State bears the burden of persuasion to disprove that defense. *Id.* The burden of

persuasion is not one that requires the production of evidence. *Id.* Rather, it requires only that the State prove its case beyond a reasonable doubt. *Id.*

In this case, the self-defense portion of the charge did not specifically identify whether appellant had the burden of proving that he acted in self-defense, or whether the State had the burden of disproving that he acted in self-defense. Instead, the charge contained these two application paragraphs:

> Therefore, if you find from the evidence beyond a reasonable doubt that [appellant] did cause the death of [the complainant], by stabbing [the complainant] with a deadly weapon, namely a knife; or did cause the death of [the complainant], by stabbing [the complainant] with a deadly weapon, namely an unknown sharp object, as alleged, but you further find from the evidence, as viewed from the standpoint of the defendant at the time, that from the words or conduct, or both of [the complainant] it reasonably appeared to the defendant that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of [the complainant], and that acting under such apprehension and reasonably believing that the use of deadly force on his part was immediately necessary to protect himself against [the complainant's] use or attempted use of unlawful deadly force, he stabbed [the complainant], then you should acquit the defendant on the grounds of self-defense; or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the defendant the benefit of the doubt and say by your verdict, not guilty.

> If you find from the evidence beyond a reasonable doubt that at the time and place in question the defendant did not reasonably believe that he was in danger of death or serious bodily injury, or that the defendant, under the circumstances as viewed by him from his standpoint at the time, did not reasonably believe that the degree of force actually used by him was immediately necessary to protect himself against [the complainant's] use or attempted use of unlawful deadly force, then you should find against the defendant on the issue of self-defense.

Appellant argues that the charge should have contained a simple instruction about the burden of proof, like the Pattern Jury Charge instruction for self-defense, which provides as follows: "The defendant is not required to prove self-defense. Rather, the state must prove, beyond a reasonable doubt, that self-defense does not apply to the defendant's conduct." Texas Criminal Pattern Jury Charges: Criminal Defenses § 32.2, at 184 (2015). Although an instruction of this type may have been preferable, given its simplicity, it was not necessary based on the remaining instructions in the charge.

After the instruction on self-defense, the charge provided that appellant was entitled to a presumption of innocence and that the "burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant." When these instructions are read alongside the application paragraphs for self-defense, the charge cannot be said to have placed the burden on appellant for proving that he had acted in self-defense. "Clearly, when the charge is viewed as a whole, it placed the burden on the State to show beyond a reasonable doubt that appellant was not acting in self-defense." *Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979).

The trial court did not err by giving the jury the self-defense instruction as written.

***Order of the Instruction.*** The charge addressed the elements of murder before the issue of self-defense. The murder portion contained abstract and application paragraphs, which instructed the jury that it should find appellant guilty if all of the elements of murder had been proven beyond a reasonable doubt. These instructions did not specifically reference self-defense. In the self-defense portion, which immediately followed the murder portion, there were separate abstract and application paragraphs, which provided that the jury should acquit appellant if the

10

jury found or had a reasonable doubt that appellant had acted in self-defense when he stabbed the complainant.

Appellant asserts that the order of these instructions was confusing, and he argues that a self-defense provision should have been incorporated into the murder portion of the charge. For example, he suggests that the murder portion should have instructed the jury to convict him of murder if the elements of murder were proven and the jury did not find beyond a reasonable doubt that appellant had acted in self-defense.

The Court of Criminal Appeals has already rejected the argument that a self-defense instruction must be incorporated into the application paragraph of the charged offense. *See Hernandez v. State*, 375 S.W.2d 285, 288 (Tex. Crim. App. 1963) (holding that a charge was not erroneous for having an instruction on self-defense that followed, but had not been incorporated into, an application paragraph for assault); *Ekern v. State*, 200 S.W.2d 412, 415 (Tex. Crim. App. 1947) ("The court cannot and is not required to charge all the law in each paragraph of his charge, but such charge should be taken and considered as a whole; and an ordinary jury is expected to and surely does take the charge as a whole and considers it as such."). Accordingly, we hold that the charge was not erroneous based on the order in which the self-defense instruction appeared. *See Green v. State*, 675 S.W.2d 541, 543 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd) ("Where the court, later in its charge, gives an unrestricted charge on self-defense (as was done in this case) it is not necessary in applying the law to the facts from the standpoint of the state for the court to require the jury to find the accused was not acting in self-defense.").

## CONCLUSION

The trial court's judgment is affirmed.


/s/     Tracy Christopher
        Justice


Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).